U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 0 5 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LEALON MULDROW, Petitioner | CIVIL ACTION NO. 1:16-CV-396; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| J. A. BARNHART, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Pro se Petitioner Lealon Muldrow (#06344-031) filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 23, 2016. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner claims that he was wrongfully convicted of a disciplinary violation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

While housed at the Federal Correctional Institution in Big Spring, Texas, Petitioner was convicted of threatening another with bodily harm. (Doc. 1, p. 9-11). According to the "Discipline Hearing Officer Report," on April 15, 2015, Petitioner banged on his cell door and told Officer Pemberton that Petitioner could not be housed with his assigned cellmate. (Doc. 1, p. 11). Officer Pemberton asked if Petitioner was

going to fight with the cellmate. Petitioner responded, "Yes. There will be something happening if he doesn't move now." (Doc. 1, p. 11).

According to Petitioner, on the date in question, he asked Officer Pemberton to speak with the officer in charge of the shift because there could be a physical altercation between Petitioner and his assigned cellmate. (Doc. 1, p. 7). Petitioner alleges that the cellmate was removed from the cell, and Petitioner was written up for threatening bodily harm. (Doc. 1, p. 7).

Petitioner complains that the disciplinary conviction was arbitrary and capricious, and resulted in the loss of good conduct time and a change in classification. (Doc. 1, p. 8).

## Law and Analysis

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A prisoner is only entitled to: (1) written notice of the charges at least 24 hours prior to the disciplinary hearing; (2) an opportunity "to call witnesses and present evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; and (3) "a written statement by the factfinders of the evidence relied on and the reasons for the disciplinary action." Id. at 563–70; see also Morgan v. Quarterman,

570 F.3d 663, 668 (5th Cir. 2009). Additionally, there must be "some evidence" in the record to support the disciplinary decision. Morgan, 570 F.3d at 668.

Even if a prisoner establishes that he was denied the procedural protections guaranteed by Wolff, he must further establish that he was prejudiced by the constitutional violation in order to obtain habeas relief. See Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997) (upholding denial of habeas relief where insufficient notice of disciplinary charge was provided because inmate failed to demonstrate prejudice); see also Brown v. Collins, 937 F.2d 175, 182 (5th Cir. 1991) ("Before we will issue the Great Writ, the petitioner must demonstrate that he has suffered some prejudice as a result of the alleged constitutional violation.").

Petitioner complains that the disciplinary report indicates Officer Bassett advised Petitioner of his rights before the DHO on February 17, 2015, when the incident did not occur until April 15, 2015. This appears to be a typographical error on the report. Regardless, this claim does not present a violation of the due process protections guaranteed by Wolff. Petitioner received written notice of the charges at least 24 hours prior to the disciplinary hearing. He received an opportunity to call witnesses and present evidence in his defense. He also received a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. Petitioner was not deprived of the Wolff protections.

3

Petitioner's claim that the decision was arbitrary and capricious also fails. Due process requires that there be "*some* evidence to support the findings made in the disciplinary hearing." Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001) (citing Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985). Judicial review of the "some evidence" standard is narrowly focused. As the Supreme Court has explained, it "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455–56.

The goal of the "some evidence" standard is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens. See id. at 455; see also Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981) (courts must see "'whether any evidence at all' supports the action taken by the prison officials"). "Prison disciplinary proceedings are overturned only where *no evidence* in the record supports the decision." Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001) (emphasis added) (citing Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981)).

The information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. See Hudson v. Johnson, 242 F.3d at 536–37. In

4

this case, the incident report provides that Petitioner told Officer Pemberton that there would be a physical altercation with this cellmate if there was no reassignment. Petitioner testified that his cellmate was having problems with Mexican prisoners, which could cause Petitioner to have problems with Mexican prisoners. (Doc. 1, p. 11). However, Petitioner's own witness testified that the issue between the two inmates was religious differences. (Doc. 1, p. 11). Thus, the DHO did not find Petitioner's testimony credible. (Doc. 1, p. 11). The Court does not assess the credibility of witnesses or weigh the evidence from a disciplinary case. The written statement of the staff member and the testimony of Petitioner's witness satisfy the "some evidence" standard to support his conviction. Therefore, the decision was not "arbitrary and capricious."

It is evident from the petition and exhibits that Petitioner received all the process to which he was due. Therefore, **IT IS RECOMMENDED** that the § 2241 petition be **DENIED AND DISMISSED WITH PREJUDICE**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental

5

objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 5th day of April, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge